[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11563
Non-Argument Calendar
_____

Agency No. A027-296-518

DUNG QUOL TRAN,
a.k.a. Dung Q. Tran,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 18, 2013)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Dung Quol Tran petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his motion to terminate his removal proceedings.  In his motion to terminate, Tran sought termination of his removal proceedings because he had received a full and complete pardon for his earlier criminal convictions, making him eligible for the pardon waiver in 8 U.S.C. § 1227(a)(2)(A)(vi).  The BIA affirmed the IJ's denial of the motion since Tran was charged as being inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) and was not removable, and the pardon waiver applied only to removable aliens.  On appeal, Tran argues that the BIA abused its discretion by not following its binding precedent found in Matter of H-, 6 I. & N. Dec. 90 (BIA 1954) (holding that the pardon waiver provision applied to excludable immigrants, not just those who were deportable).  After thorough review, we deny the petition.

We review only the decision of the BIA, unless the BIA expressly adopted the IJ's opinion.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).  We review the BIA's legal determinations de novo.  Maldonado v. U.S. Att'y Gen., 664 F.3d 1369, 1375 (11th Cir. 2011).  The BIA is bound by a circuit court's precedential decisions when it adjudicates cases arising within that circuit. In re Ponce de Leon Ruiz, 21 I. & N. Dec. 154, 159 (BIA 1996).  Under the prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless the holding is overruled or undermined to the point of abrogation by the

2

Supreme Court or by us when we sit en banc.  Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

The Immigration and Nationality Act ("INA") provides that lawful permanent residents are removable if they are convicted of a crime involving moral turpitude for which a sentence of one year or longer could be imposed.  8 U.S.C. § 1227(a)(2)(A)(i).  Nevertheless, that provision "shall not apply in the case of an alien with respect to a criminal conviction if the alien subsequent to the criminal conviction has been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States."  8 U.S.C. § 1227(a)(2)(A)(vi).  In contrast, inadmissible aliens are governed by a different section, which provides that an alien convicted of a crime involving moral turpitude, other than a purely political offense, is inadmissible.  8 U.S.C. § 1182(a)(2)(A)(i)(I).  This section of the INA does not provide for a pardon waiver. See generally 8 U.S.C. § 1182(a).

In Matter of H-, the BIA determined that, as long as there was a full and unconditional pardon issued by the president or by the governor of a state, the crime no longer formed a basis for removal, "whether in exclusion or in expulsion."  6 I. & N. Dec. at 96.  The BIA noted that, prior to the passage of the INA, judicial interpretation of the Immigration Act of 1917 had resulted in a rule that the pardon waiver applied equally to exclusion and deportation proceedings.

3

Id. at 94.  The passage of the INA did not change the Board's position, in part because the BIA was not aware of any "congressional intent to be more lenient to a person convicted of a crime in the United States subsequent to an entry than to a person convicted in the United States subsequent to an original entry and prior to a reentry."  Id. at 95.  Accordingly, there was "no sound basis in logic or in reason" to have the pardon waiver provision apply to deportable aliens, but not to excludable aliens, especially as doing so would "negate a clearly expressed congressional intent to immunize the pardoned criminal from the consequences of his criminal act."  Id. at 96.

In Balogun v. U.S. Att'y Gen., the petitioner sought review of the denial of his motion to reopen his case, arguing in part that he had received an unconditional pardon after the agency had entered his final order of removal.  425 F.3d 1356, 1362 (11th Cir. 2005).  The IJ and the BIA both determined that the pardon was not "full and unconditional."  The government claimed on appeal before us that Balogun's pardon was not full and unconditional because, while his state rights were restored, Balogun was still subject to the federal consequences of his embezzlement convictions, including being subject to federal felon in possession laws.  Id. at 1358, 1362.  We stated that we were "inclined to agree with the BIA," but that we did not need to decide that issue because Balogun was ineligible for the pardon waiver provision.  Id. at 1362.  Because § 1227(a)(2)(A), which contained

4

the pardon waiver provision, applied only to deportable aliens, and because Balogun was inadmissible under § 1182(a)(2)(A)(i)(I), not deportable, the pardon waiver provision did not apply to him.  Id.  Noting that § 1182 did not contain a pardon waiver provision, we concluded that, "if Congress had intended to extend the pardon waiver to inadmissible aliens, it would have done so."  Id.  Thus, even if Balogun's pardon met the requirements of the pardon waiver provision, he was still unable to enter the United States, which meant he was removable.  Id. at 1363; see also Ali v. U.S. Att'y Gen., 443 F.3d 804, 812 (11th Cir. 2006) (noting that the petitioner conceded facts at his removal hearing that rendered him also inadmissible, so that his pardon, even if it had been considered by the BIA, would not have eliminated the immigration consequences he faced).

Here, the BIA did not err by affirming the IJ's denial of Tran's motion to terminate.  Tran's argument is clearly foreclosed by Balogun's holding that inadmissible aliens cannot benefit from the pardon waiver provision applicable to certain removable aliens.  425 F.3d at 1362-63.  Our conclusion on this issue constituted a holding and was not dicta because we relied on that determination to resolve the appeal.  See id. at 1362.  Moreover, because Balogun effectively overruled Matter of H-, the BIA had to apply Balogun and could not have relied on Matter of H-.  See Ponce de Leon Ruiz, 21 I. & N. Dec. at 159.  Finally, we also

5

are bound by <u>Balogun</u> under the prior-panel precedent rule.  <u>See</u> <u>Smith</u>, 236 F.3d at 1300 n.8.

**PETITION DENIED.**